In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00081-CR


______________________________




MARVIN BONNER, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 01-0042




 




Before Grant, Ross, and Cornelius,* JJ.


Opinion by Justice Ross


*William J. Cornelius, C.J., Retired, Sitting by Assignment


O P I N I O N



 Marvin Bonner, Jr., has appealed from his conviction for deadly conduct and arson. 
He was found guilty by a jury, which assessed his punishment at thirty-five years'
imprisonment. Bonner contends on appeal the evidence is factually insufficient to support
his conviction. 

 In determining the factual sufficiency of the evidence, we view all the evidence in
a neutral light and set aside the verdict only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000); see Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).

 In our analysis, we set aside the verdict if (1) the evidence in support of a vital fact,
considered as standing alone, is factually too weak to support it, or (2) looking at all the
evidence, some evidence supports a positive inference and some supports a negative
inference, but because the state's evidence is so weak, it causes the finding to be against
the great weight and preponderance of the available evidence. Goodman v. State, 66
S.W.3d 283, 285-87 (Tex. Crim. App. 2001). Such a finding "is manifestly unjust," "shocks
the conscience," or "clearly demonstrates bias." Id. 

 In our review, however, we must employ appropriate deference to avoid substituting
our judgment for that of the fact-finder, and any evaluation should not substantially intrude
on the fact-finder's role as the sole judge of the weight and credibility given to witnesses'
testimony. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).

 Bonner was charged with firing a gun in the direction of a habitation and with arson. 
The evidence shows Darwin McGowan, who was sleeping in his bed, was awakened by
a fire burning on his bed. He was burned, but survived. McGowan's stepson, Corey
Wilbert (a former gang member), lived with him. When police investigated, they found
holes caused by shotgun blasts in the exterior walls of the house and found empty shells
in the front yard. They also found a broken wine bottle near McGowan's bed, which was
near the front door, along with broken glass from the door.

 In a statement presented to the jury, Bonner admitted that he was a member of a
gang, that there was friction between the gang and Wilbert, and that he and two other gang
members went to the house. He admitted shooting at the house with a shotgun and stated
another gang member threw a molotov cocktail into the house.

 Detective Joe Arledge testified he took Bonner's statement. Arledge testified that
no audio- or videotape of the interview exists and that he and Bonner were alone when he
took Bonner's statement. He also testified that he took the statements of other
codefendants and that Bonner's statement was different, but Bonner stood by his version
as being correct. Officer David Reeves testified that Bonner was a member of a street
gang and that J. C. Bonner (apparently Bonner's brother) was known as the leader of the
gang. Beva Ellis, the fire marshall for the city, testified that the fire originated from the
location of the bottle debris and that the debris contained gasoline.

 Bonner's mother, Patricia Bonner, testified that Bonner came home at midnight on
the night of the attack. Troy Tatum, a friend of Bonner, testified that he had been in a fight
with Wilbert the day of the incident, that Bonner was also involved in the fight, and that as
a result Tatum was arrested and jailed. He also testified he took Bonner to Patricia
Bonner's residence around midnight. Tatum also admitted he had no knowledge
concerning Bonner's whereabouts at 3:00 a.m., the time of the attack. He also testified
Bonner was a member of a gang. 

 Bonner testified he did not give the statement introduced into evidence. He testified
that he did not give a statement to anyone, that the signature on the statement was not his,
and suggested that law enforcement used the signature on his bond or magistrate's papers
to forge the statement. He testified that he was not involved in the crime and that he spent
the night at his mother's apartment. He also testified that he had not been part of a gang
for about five years and that he had moved from Marshall to Longview in the interim. He
testified that he did not throw the molotov cocktail and that he had no reason to do so.

 Bonner's statement, standing alone, would be sufficient to support the verdict. 
There is no argument or contention the statement was not voluntary. The argument is that
Bonner did not give the statement, and the jury was instructed that, if it concluded Bonner
had not signed the statement, it should not consider the statement for any purpose. 


 There is conflicting evidence on that point. Conflicts in the evidence are to be
resolved by the jury. In doing so, it may accept one version of facts and reject another or
reject any of a witness' testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim.
App. [Panel Op.] 1981). When evidence both supports and conflicts with the verdict, we
must assume the fact-finder resolved the conflict in favor of the verdict. Turro v. State, 867
S.W.2d 43, 47 (Tex. Crim. App. 1993).

 There is evidence Bonner did give and sign the statement. In the statement, Bonner
admitted he committed the crimes, either directly or as a party. The evidence is thus
sufficient to support the jury's verdict.

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: March 27, 2002

Date Decided: July 30, 2002


Do Not Publish